28744.  ADAMS *et al. v.* EVANS.
28745.  ADAMS *et al. v.* SWEARINGEN.

Decided March 18, 1941.

*Bussey & Fulcher,* for plaintiffs in error.

*Hammond, Kennedy & Yow, Curry & Curry, Lee, Congdon & Fulcher,* contra.

Felton, J.  Mrs. Mollie Evans sued Jack Adams, C. J. Adams and John Newman Jr. in the city court of Richmond County to recover damages for the alleged tortious homicide of her husband. Leonard B. Swearingen filed suit for damages for injuries to him arising out of the same accident.  The cases were tried together. The petitions alleged substantially the following: the Milledgeville Road is a highway running in a general easterly and westerly direction; Olive Road is also a public highway running generally north and south and intersects the Milledgeville Road at approximately right angles; that on November 29, 1939, plaintiff's husband was driving his automobile in a northerly direction on Olive Road and when he reached Milledgeville Road he stopped, at which time no car was in sight in either direction; after he entered Milledgeville Road the defendant John Newman Jr., who was driving an Oldsmobile car and traveling east on Milledgeville Road, approached said intersection with Olive Road at a rate of speed in excess of sixty miles per hour, and collided with the car which plaintiff's husband was driving; that at said intersection traffic is heavy, both

roads being hard-surfaced, and a speed in excess of thirty miles per hour was dangerous to life and limb and was not reasonable and proper; that at the time and place Jack Adams, employee of C. J. Adams and at said time engaged about the business of C. J. Adams, driving a car owned by C. J. Adams, was following and attempting to pass the car operated by John Newman, and was approximately ten feet back of and five feet to the left of the Newman car, and was traveling in the same direction as the Newman car; that when the Newman car struck the car which the plaintiff's husband was driving the Adams car struck the Newman car, and the combined momentum and force of said cars drove, pushed, and knocked the car in which plaintiff's husband was riding off the highway and into a telegraph pole, and crushed and wrecked the car, as a result of which plaintiff's husband died on December 5, 1939; that the concurring negligence of the defendants was the proximate cause of the injury; that the defendants violated the law restricting the speed of automobiles to fifty-five miles per hour, and of Code § 68-303(i) and that the Adams car struck the Newman car immediately after the Newman car struck the Evans car in the center. The defendants except to the order overruling their motions for new trials. The facts necessary to a discussion of the case will be set out in the opinion.

■ There was no evidence which authorized the inference that the operation of the Adams car contributed to the wreck of the Evans car and to the injury to Evans and Swearingen. Pat Walton, a truck driver employed by Bateman & Company of Macon. testified in part: "I saw a wreck that night. I would say I was approximately a city block from the wreck when the cars collided. I was traveling into Augusta. These cars passed me. . . When they passed me they were going that way and I didn't pay any attention to them until the crash happened." Witnesses who were occupants of the Evans car did not remember how the accident occurred. John Newman testified: "As I neared the intersection . . The Evans car shot out in front of me . . and there was no way to avoid a collision." The photographs of the Adams car, a 1940 Dodge sedan, showed it damaged on the right front. The right front lamp was broken and mashed down and the extreme right part of the front bumper was mashed backward from four to six inches, the right front fender was mashed and the bottom part

torn outward. There were scratches and dents along where the right side of the hood fits the rest of the body, and the right windshield was broken. The right front tire was flat. The right back fender was slightly bent as if by sideswiping. The photographs of the Newman car showed it practically demolished in front. It was smashed in, apparently from a lick with its right side, with the force of the lick going from the right front to the left rear. The left front windshield was not broken. The rear of the Newman car showed the rear bumper bent slightly toward the rear, about six inches from the left side. Such a slight injury to the rear could not possibly have been caused by a collision between the front of the Adams car and the rear of the Newman car. The photograph of the Evans car showed that it was "wrapped" around a telegraph pole, and so damaged that it can hardly be said how much damage was done by the collision of the cars and the contact with the pole. There is no evidence as to when or how the Adams car hit the Newman car. Consequently, whether the Adams car hit the Newman car immediately after it hit the Evans car, and thus aggravated the force of the Newman car and contributed to the injuries, or whether it hit the Newman car at another time so as not to contribute to the injuries to the Evans car and those riding therein, is purely conjecture and speculation. Nor is there any evidence that the Adams car struck the Evans car directly. The fact that certain witnesses riding in the Adams car might have been impeached as to their statements would not authorize the inference that the Adams car contributed to the injuries by striking the Newman car or the Evans car. The disproving of their statements that there was no such contribution would not establish the opposite of their testimony. It is true that circumstantial evidence in conflict with their testimony could be accepted by the jury, but there is no such circumstantial evidence. It is true that the photograph of the front of the Adams car shows that it had a more severe lick than a mere "sideswipe," as one or more witnesses described the contact between the Adams and the Newman cars, but even if the Adams car hit the Newman car a direct and severe blow there is no evidence that the blow contributed to the fate of the Evans car and to the misfortune of its occupants. Both the Adams and the Newman cars went on beyond the Evans car. The evidence simply does not reveal facts from which it can reasonably be said that the Adams car hit the Newman

car in such a way and at such a time as to contribute to the wreck of the Evans car.

■ The court erred, as to all the defendants in both cases, in charging the jury as follows: "And I might state here again, not only in this particular case, but also in the other cases, that the plaintiffs contend that the drivers, Newman and Adams, who are two of the defendants here, were in the process of trying to pass each other and racing, and that they passed a truck in a three-two manner, counting the truck as one of the three cars running abreast of each other, and that they were making some sixty-five to seventy miles an hour, and that this was the cause of the collision and without this the collision could not have happened," for the reason that there were no allegations that the cars were racing and no evidence in the case which would authorize the jury to find that the drivers of the Newman car and the Adams car were racing at the time of the wreck. The only evidence even tending to show a race is the testimony of the witness Walton that the two cars passed him at a time when the act of the two cars passing placed them three abreast, and at a time when his speed was about thirty to thirty-five miles per hour.

■ For the same reason as shown in the foregoing division of the opinion it was error as to all defendants for the court to charge as follows: "In the cases of Mrs. Mollie Evans v. Jack Adams, C. J. Adams, and John Newman Jr., the plaintiff contends that her husband while driving an automobile into the Milledgeville Road from Olive Road was killed by the negligence of one Jack Adams and John Newman Jr., drivers of the two other automobiles and who are defendants in this case; that the husband was killed by the negligent driving, which consisted in racing on the part of the drivers of these two defendant cars, as his car approached, or rather as their cars approached the intersection of these two roads where the accident occurred, at a speed in excess of the Georgia law; that they approached at a speed of some sixty-five to seventy miles an hour."

■ It was error as against the defendants Adams in the Evans case, No. 28744, for the court to charge as follows: "Now, in this case of Mrs. Evans you will give consideration to the law of comparative negligence; Mr. L. D. Evans, deceased, was the driver of a car which was in a collision with the cars of the defendants," because the charge assumed that the Adams car collided with the Evans car. There was no evidence of such fact.

■ The following charge was error as to the defendants Adams in the Swearingen case, No. 28745: "I charge you, gentlemen, that Leonard B. Swearingen further contends that while he was riding as a passenger in the car of Mr. L. D. Evans, deceased, that Mr. Evans did not contribute to the extent of being the proximate cause of the collision between the car of Mr. Evans, the host who was driving the car at the time of the collision, and the cars of the defendants, and that the cause of the injuries he received was due to the negligent driving and exceeding of the speed limit on the part of Adams, the driver of the car that collided with the Evans car, and John Newman, the driver of the second car, and Mr. Swearingen contends that these two cars, the Adams and Newman cars, were being driven in a reckless manner, that they were exceeding the speed limit, and that they collided on that account with the car of Mr. Evans, his host," for the reason given in division 4 above.

■ There is no merit in any of the other assignments of error. *Judgments reversed. Stephens, P. J., and Sutton, J., concur.*